IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | No. 19-CR-142 |
| v. | : | |
| | : | |
| **BRAHEEM BAILEY** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                          **FEBRUARY 5, 2024**

Defendant Braheem Bailey brings this *pro se* Motion for Sentence Modification pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 55. Mr. Bailey asserts that he is entitled to a sentence reduction under Amendment 821 to the U.S. Federal Sentencing Guidelines. *Id*. The Government filed a Response in Opposition. ECF No. 56. As explained below, Mr. Bailey's motion is denied because his current sentence of one day and 168 months falls below the amended sentencing guideline range and no reduction in sentence is permitted if a statutory mandatory minimum term of imprisonment applies. An appropriate Order will follow.

**I.      BACKGROUND**

On December 28, 2018, Mr. Bailey committed successive armed robberies of three grocery stores in Philadelphia. Presentence Investigation Report (PSR) ¶¶ 14-17. Just after the third robbery, an officer with the Philadelphia Police Department spotted Mr. Bailey from surveillance video from the first robbery and approached him as he stood on a street corner. *Id*. ¶¶ 17-18. Mr. Bailey fled on foot and threw a handgun to the ground. *Id*. ¶ 18. After a short chase, Mr. Bailey was apprehended. *Id*. The police recovered a handgun with seven rounds of ammunition and an obliterated serial number. *Id*. Police also searched Mr. Bailey and found $1,765 in his pocket. *Id*.

On March 7, 2019, Mr. Bailey was charged in an indictment of three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951; three counts of carrying, using, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1.

On February 10, 2021, Mr. Bailey pled guilty to the three counts of Hobbs Act robbery and two of the § 924(c) firearm counts, pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(B). ECF No. 40 ¶ 2. The government agreed to dismiss one of the § 924(c) firearm counts and the § 922(g)(1) count at the time of sentencing. *Id.* ¶ 3. The parties jointly recommended a sentence of fourteen years and one day (168 months), which reflected the mandatory minimum sentence of seven years (84 months) for each of the two remaining § 924(c) firearm counts and one day for the three robbery counts. *Id.* ¶ 2. Under Rule 11(c)(1)(B), the Court was not required to accept the recommended sentence and could impose whatever sentence it deemed appropriate.

According to the Presentence Investigation Report, prepared on April 6, 2021, the sentencing guideline for the three Hobbs Act robberies and the two § 924(c) firearm counts was 238 to 255 months. PSR ¶ 115. For the three robberies, the range was 70 months to 87 months, which reflected Mr. Bailey's total offense level of 25 plus a criminal history score of five (three points for prior drug trafficking convictions and two "status" points, pursuant to U.S.S.G. § 4A1.1(d), for committing the robberies while on probation).[1] *Id.* ¶¶ 57, 59-62, 115. Mr. Bailey's criminal history score placed him in criminal history category III. *Id.* ¶ 62. The two § 924(c) firearm counts each required a statutory mandatory minimum term of at least seven years (84 months, or 168 total months) to be served consecutively to the robberies sentence. *Id.* ¶¶ 56, 115.

---

[1]   Effective Nov. 1, 2023, Amendment 821 revises U.S.S.G. § 4A1.1(d) to assign fewer status points for a defendant's criminal history. *See* discussion *infra*; *see also* U.S.S.G. § 4A1.1(e).

Mr. Bailey's sentencing guideline range thus totaled 238 to 255 months.

At Mr. Bailey's sentencing hearing on May 20, 2021, the Court adopted the PSR's guideline range but imposed the plea agreement's recommended sentence of one day for the three robbery charges followed by 168 months for the two § 924(c) firearm counts. ECF No. 52.

## II.      LEGAL STANDARD

Mr. Bailey seeks to retroactively apply Amendment 821 to decrease his sentence of one day for the three Hobbs Act robbery counts and 168 months for the two § 924(c) firearm counts. ECF No. 55. U.S.S.G. § 4A1.1(e) of the sentencing guidelines adds "status" points to a defendant's criminal history score if the defendant committed the instant offense while under a criminal justice sentence, including probation. A defendant's criminal history score determines the defendant's placement in one of six criminal history categories. *See* U.S.S.G. Ch. 5, Pt. A. In general, more status points result in a higher criminal history category and a longer range of imprisonment under the guidelines for an instant offense. *Id*.

Amendment 821, effective November 1, 2023, revises how status points are calculated, effectively decreasing a defendant's criminal history score and resultant sentencing range. U.S.S.G. § 4A1.1(e). Amendment 821, Part A, amends Section 4A1.1 as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id*. Thus, under Amendment 821, defendants with seven or more criminal history points now receive one, instead of two, status points if the instant offence was committed while under a criminal justice sentence; defendants with six or fewer criminal history points now receive zero status points. *Id*.

Amendment 821 may be applied retroactively to closed cases. U.S.S.G. § 1B1.10(a)(1), (d). This means that some incarcerated individuals, particularly those with six or fewer criminal history points at the time of sentencing, may now qualify for a sentence reduction under Amendment 821. *Id*. The procedures a court must follow to reduce a defendant's term of imprisonment retroactively are provided in 18 U.S.C. § 3582(c)(2), as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In *Dillon v. United States*, 560 U.S. 817, 826 (2010), the Supreme Court further addressed the process for applying a retroactive guideline amendment, emphasizing that Section 1B1.10(d) of the Guidelines, which identifies which amendments may be applied retroactively, is binding. The Court then outlined a two-step approach that courts must adopt to apply a retroactive sentencing guideline amendment, as follows:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments listed in subsection(c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id*.
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Pursuant to step one outlined in *Dillon*, a district court may lower a defendant's term of imprisonment retroactively under U.S.C. § 3582(c)(2) only if the new amendment lowers the defendant's applicable guideline range. U.S.S.G. § 1B1.10, Application Note 1(A). The "applicable guideline range" is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)," which sets forth sentencing instructions. *Id*. Accordingly, when applying an amendment retroactively, the court may not reduce a defendant's current term of imprisonment below the term that would have applied had the amendment been in effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(A). *See also United States v. Perez*, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024) ("The Sentencing Commission's Policy Statement [§] 1B1.10(b)(2)(A) prevents us from re-sentencing [defendant] below the…low end of his amended sentence range."). In addition, even if an amendment is applicable to a defendant, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if a statutory mandatory minimum term of imprisonment applies. U.S.S.G. § 1B1.10, Application Note 1(A).

Finally, if a sentence reduction is authorized under step 1, step 2 requires the court to consider applicable Section 3553(a) factors and determine whether, in the court's discretion, a sentence reduction is warranted. 18 U.S.C. 3582(c)(1)(A). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; … [and]

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a).

The defendant bears the burden of proving by a preponderance of the evidence that the requested relief is warranted. *United States v. Jeffries*, 2021 WL 2000555, at *7 (W.D. Pa. May 19, 2021).

### III.  DISCUSSION

The Court adopts the government's position that no reduction in Mr. Bailey's sentence is permitted because Amendment 821 will not lower Mr. Bailey's current sentence of one day for the three Hobbs Act robbery counts plus 168 months for the two § 924(c) firearm counts.

In applying a retroactive sentencing guideline to a defendant's sentence, the court first determines whether a Defendant qualifies for a sentence reduction. Here, under Amendment 821, Mr. Bailey qualifies for a reduction with respect to the three Hobbs Act robbery charges. His criminal history score now drops from five to three because he loses his two "status" points for committing the robberies while on probation. Accordingly, he moves from a criminal history category of III to II, with his total offense level remaining at 25. ECF No. 57 at 6. The sentencing range for Mr. Bailey's three robbery counts thus changes from 70 to 87 months to 63 to 78 months. *Id.*

Mr. Bailey's current sentence for the three robbery charges is only one day. Thus, while Mr. Bailey's robbery charges qualify for a reduction in sentence under Amendment 821, Section § 3582(c)(2) does not permit a reduction that is less than the minimum of the amended guideline's range of 63 to 70 months. Further, with respect to the two § 924(c) firearm counts, Amendment 821 has no impact, as the court may not disturb the statutory mandatory minimum sentences of 84 months (7 years) for each count to be served consecutively (14 years total).

U.S.S.G. § 1B1.10, Application Note 1(A).

Next, the court considers whether any applicable Section 3553(a) factors would warrant the court's exercise of discretion to reduce a defendant's sentence. Here, because a reduction in Mr. Bailey's sentence is not authorized under Section § 3582(c)(2), consideration of 3553(a) factors does not apply. However, the Court commends Mr. Bailey's efforts to earn his GED, complete a significant number of education courses, and serve as an employee in Unicor. ECF No. 55. The Court encourages Mr. Bailey to continue pursuing his educational and career ambitions while incarcerated.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant Braheem Bailey's Motion for Sentence Modification pursuant to 18 U.S.C. § 3582(c)(2). An appropriate Order will follow.

**DATED:** 2/5/2024

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**